STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5056
    FAX: (408) 535-5066
    Email: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER DOYON,<br><br>    Defendant. | Case Nos. CR 11-00683 BLF<br>            CR 12-00426 BLF<br>            CR 22-00099 BLF<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Hearing Date: June 28, 2022<br>Time: 9:00 a.m.<br>Court: Honorable Beth Labson Freeman |

## INTRODUCTION

The defendant, Christopher Doyon, stands before the Court to be sentenced following his guilty pleas in three cases: Conspiracy to Commit Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(b) and (c)(4)(G)(i), and Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(G)(i) (CR 11-00683 BLF); Failure to Appear after Pre-Trial Release, in violation of 18 U.S.C. § 3146(a)(1) (CR 12-00426 BLF), and Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (b), (c)(4)(B) and 2 (CR 22-00099 BLF).

The United States Probation Officer calculated in the Presentence Investigation Report (PSR) that the total adjusted offense level is 15 and the Criminal History Category is I, with a resulting

Guidelines range of an 18 to 24 month term of imprisonment, falling in Zone D of the United States Sentencing Commission Guidelines. The adjusted offense level is consistent with the Plea Agreement. The Probation Officer recommends a sentence of time served in all three cases. The defendant has been in custody since June 12, 2021.

The United States respectfully disagrees with the Probation Officer and believes that a time served sentence is an not appropriate sanction for the defendant's conduct, which involved Distributed Denial of Service (DDoS) attacks in the Northern District of California and the Middle District of Florida and being a fugitive for over nine years. The United States recommends that the Court sentence the defendant to 18 months of imprisonment and three years of supervised release.

## DEFENDANT'S OFFENSE CONDUCT

The defendant's offense conduct in well documented in the Plea Agreement and PSR. *See* ECF No. 126 and PSR ¶¶ 9-21. The defendant orchestrated DDoS and DoS attacks against local governments and other entities in the Northern District of California and the Middle District of Florida to achieve his political objectives.

From July 4, 2010 to October 2, 2010, protestors occupied the Santa Cruz County Courthouse premises in response to the enforcement of Santa Cruz City's Municipal Code Section 6.36.010 that restricted camping within the City. In retribution for the ordinance, the defendant conspired with co-defendant Joshua Covelli and others to launch a DDoS attack on Santa Cruz County's website from December 12, 2010 through December 16, 2010. PSR ¶¶ 10-11. The attack resulted in the Santa Cruz County's website to go offline. *See id.*

The defendant was subsequently indicted by a federal grand jury in the Northern District of California for the DDoS attack on Santa Cruz County computer network. *See id.* at ¶ 12. On September 21, 2011, he was arrested by the Federal Bureau of Investigation and detained. On September 29, 2011, the Honorable Howard R. Lloyd, United States Magistrate Judge, released the defendant from custody on several terms and conditions of pretrial release. *See id.* The defendant, who was aware that he must appear at all court proceedings, subsequently failed to appear at a status conference before Judge D. Lowell Jensen, United States District Judge, on February 2, 2012. Two days

U.S SENTENCING MEMORANDUM                 2
CR 11-00683 BLF/CR 12-00426 BLF/CR 22-00099 BLF

later a warrant was issued for the defendant's arrest. *See id.* at ¶ 13. The defendant was a fugitive until his arrest on June 12, 2021. *See id.* at ¶ 7.

The defendant's conduct in the Middle District of Florida was more extensive than in the Northern District of California. *See id.* at ¶¶ 14-21.

From June 9, 2011 to July 14, 2011, the defendant aided and abetted others in intentionally causing damage without authorization to protected computers in Orlando, Florida. *See id.* at ¶ 14. He used the name of Commander X and began posting through Twitter for individuals to follow the channel (irc.anonops.li) to take part in the "Orlando Bowl and Cup Hacker Festival," which was to occur on July 4, 2011. Doyon solicited individuals to participate in a large-scale DoS attack against the city's websites. *See id.* at ¶ 19.

The defendant was motivated to launch DDoS and DoS attacks against websites belonging to several entities in Orlando, including the City of Orlando, the Orlando Greater Chamber of Commerce, Orlando Tourism Bureau, the Rotary Club of Orlando, and Greater Orlando Airport Authority, in retribution for the City of Orlando enforcing an ordinance regarding the feeding of homeless individuals in local parks. City of Orlando Code Section 18A.09-2 required anyone conducting "large group feeding" within the Greater Downtown Park District (GDPD) to obtain a permit from the city. *See id.* at ¶ 14. In May 2011, a group called Food Not Bombs (FNB) began feeding homeless individuals within the GDPD without a permit. Despite warnings from law enforcement, the FNB continued with distributing food and were arrested in June 2011for violating the city ordinance. *See id.*

As set forth in the Plea Agreement and PSR, the defendant played an active role in facilitating the attacks:

- On June 10, 2011, the City of Orlando contacted the Orlando Police Department regarding an email that was sent to 31 employees of the Orlando City Hall, from the email address, PLF@mailinator.net8852. The email was from "Commander X- PLF Field Commander", later identified as the defendant, which stated that due to the arrests of multiple FNB members, "the forces of PLF will remove the Orlando Government website" at 10:00 a.m. EST. The defendant stated that these attacks will continue unless the arrests of FNB people were stopped. *Id.* at ¶ 16.

- On June 20, 2011, at around 10:00a.m. EST, the Orlando Greater Chamber of Commerce (www.orlando.org) was the victim of a DoS attack. This attack brought down their website and prevented them from conducting day to day business. The defendant opened a Twitter

account the same day using the name of Commander X and claimed responsibility for the DoS attack on the Orlando Greater Chamber of Commerce website. *Id.* at ¶ 17.

- On June 20, 2011, the defendant updated the Twitter feed "Commander X" to warn that another DoS attack would be launched against the Orlando Tourism Bureau, www.visitorlando.org. On June 21, 2011, the www.visitorlando.org website was the victim of a DoS attack. The defendant again claimed responsibility for the attack using the Twitter account for Commander X. On June 28, 2011, the defendant, using the name Commander X, posted through Twitter that the website, www.orlandofloridaguide.com, would be the next site attacked. Later that day, the site was subject to a DoS attack. *Id.* at ¶ 18.

On March 9, 2012, a seven-count Indictment was filed in the Middle District of Florida charging the defendant with Intentional Damage to a Protected Computer, in violation of 18 U.S.C. ¶¶ 1030(b), 1030(a)(5)(A), 1030(c)(4)(B) and 2. *See id.* at ¶ 4.

## UNITED STATES SENTENCING GUIDELINES

The Probation Officer agrees with the Sentencing Guidelines calculation set forth in the Plea Agreement:

| | | | |
|---|---|---|---|
| a. | Base Offense Level: <br> U.S.S.G. § 2B1.1(a)(2) <br> (CR 11-00683 BLF/CR 22-00099 BLF) | | 6 |
| b. | Specific Offense Characteristics: <br> U.S.S.G. § 2B1.1(b)(1)(D) – Loss more than $40K but less than $95K | | +6 |
| | U.S.S.G. § 2B1.1(B)(19)(A)(ii) – Convicted of 18 USC § 1030(A)(5)(A) | | +4 |
| | U.S.S.G. § 3C1.1 – Obstruction <br> (CR 12-00425 BLF) | | +2 |
| c. | Acceptance of Responsibility: | | -3 |
| d. | Adjusted Offense Level: | | 15 |

The Probation Officer found that the defendant has a criminal history calculation of I. PSR ¶ 43. He has two criminal convictions: a 1987 misdemeanor conviction for possession of a controlled substance and a 2009 misdemeanor conviction for theft. PSR ¶¶ 41-42. With an adjusted offense level of 15 and Criminal History Category I, the defendant's range is 18 to 24 months of imprisonment.

## UNITED STATES SENTENCING RECOMMENDATION

The United States' recommended sentence of 18 months of imprisonment is substantively

reasonable and sufficient, but not greater than necessary, to address the factors set forth in 18 U.S.C. § 3553(a).

There is no doubt that the defendant's conduct was serious and extensive. He was responsible for orchestrating DDoS and DoS attacks in two jurisdictions against city governments and other related entities to protest local ordinances concerning the restrictions on camping and feeding of large groups of people. He took Santa Cruz County's website, which provided access to the county's government programs such as emergency services, offline. *See* ECF No. 126 at ¶ 2. In the Florida matter, he was brazen enough to use Twitter to warn his victims about upcoming attacks and encouraged individuals to participate in DoS attacks against the City of Orlando's website, including by taking part in the "Orlando Bowl and Cup Hacker Festival" on July 4, 2011. PSR ¶¶ 18-19. He had no regard for the victims of the attacks and damage inflicted by his conduct. Furthermore, he became a fugitive for over nine years, residing in Canada and Mexico. *See id.* at ¶ 67. While on the run, he authored two books in 2017: Behind the Mask: An Inside Look at Anonymous" and "Dark Ops: An Anonymous Story." *See id.* at ¶ 73. His conduct warrants a custodial sentence.

Given the aggravated nature of these offenses, the United States would typically recommend a sentence at the high-end of the Guideline range. However, the United States weighed the history and characteristics of the defendant in determining that a sentence at the low-end of the Guidelines would achieve the goals of sentencing. First, the defendant acknowledged during his meeting with the Probation Officer that he "broke the law" and that he has "retired from active protesting." *See id.* at ¶ 24. Second, the defendant's mother died when he was young and he subsequently suffered horrific abuse at the hands of his father and stepmother that is thoroughly recounted in the PSR. *See id.* at ¶¶ 51-58. Indeed, the defendant's sister informed the Probation Officer that their childhood was "living nightmare . . . like surviving the holocaust." *See id.* at ¶ 61. As a result of his childhood trauma, the defendant suffers from anxiety and PTSD. *See id.* at ¶ 66. The Probation Officer has appropriately recommended a mental health assessment as a condition of supervised release. Third, the defendant is fortunate to have a supportive sister who has asked him to relocate to Idaho to live with her and have her three sons "reconnect" with him. *See id.* at ¶ 63. Finally, deterrence is an important consideration. The United States hopes that the defendant will abide by his word that he has retired from "active protesting" and

will not engage in computer hacking in the future.  A Guideline sentence of 18 months of imprisonment will send a signal to the defendant and others that such criminal conduct will not be tolerated.

**FINE AND RESTITUTION**

The Probation Officer has recommended that the Court not impose a fine in any of the three cases because the defendant does not have the ability to pay a fine.  PSR ¶ 74.  The government concurs with the Probation Officer and requests that no fine be imposed.

In the Plea Agreement, the defendant agreed to pay restitution to his victims in an amount no more than $80,451.87.  The government was informed by representatives from the Rotary Club of Orlando and Orlando Tourism Bureau that they would not be submitting victim-impact statements and understood that, as a consequence of failing to provide such a statement, no restitution would be imposed by the Court.  *See* Declaration of AUSA Knight.  In addition, a victim-witness specialist in the United States Attorney's Office contacted Santa Cruz County and Greater Orlando Airport Authority on two occasions to request statements documenting their losses and never received a response.  The FBI case agent also reached out to a representative of Santa Cruz County on several occasions to request a statement and never received a response.  *See id.*  Without detailed statements by each victim identifying their losses, the Court cannot impose restitution.  *See* 18 U.S.C. §§ 3612(b)(1)(C), 3612(b)(1)(G), and 3664(f)(1)(A).  Therefore, the government asks that no restitution be imposed for the losses incurred by the Rotary Club of Orlando, Orlando Tourism Bureau, the Greater Orlando Airport Authority, and Santa Cruz County.

Finally, on June 20, 2022, a representative from the City of Orlando notified the government that the city would be submitting a victim-impact statement and needed additional time beyond the government's June 21, 2022 deadline.  The government reminded the representative that the sentencing hearing is on June 28, 2022.  *See id.*  The government will submit the statement to the Court and provide a copy to the Probation Officer and defense counsel.  The government will request that the Court impose restitution to the City of Orlando if the city provides a sufficient statement documenting their losses.

**CONCLUSION**

With full consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence the defendant to 18 months of imprisonment; 3

years of supervised release, and a $250 mandatory special assessment.

DATED: 6/21/22

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*Susan Knight*

_____
SUSAN KNIGHT
Assistant United States Attorney

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5056
   FAX: (408) 535-5066
   Email: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case Nos. CR 11-00683 BLF |
| ) | CR 12-00426 BLF |
|    Plaintiff, ) | CR 22-00099 BLF |
| ) | |
|   v. ) | **DECLARATION OF AUSA SUSAN KNIGHT IN SUPPORT OF UNITED STATES' SENTENCING MEMORANDUM** |
| CHRISTOPHER DOYON, ) | |
| ) | |
|    Defendant. ) | Hearing Date: June 28, 2022 |
| ) | Time: 9:00 a.m. |
| ) | Court: Honorable Beth Labson Freeman |

I, Susan Knight, hereby declare:

1. I am an Assistant United States Attorney in the Northern District of California, and assigned to the San Jose Branch Office. I am assigned to *United States v. Christopher Doyon*.

2. I make this declaration in connection with the United States' Sentencing Memorandum in the above-captioned matters. After the defendant entered guilty pleas on March 29, 2022, Stephanie Bernaola, a victim-witness specialist in my office, informed me that she notified the victims regarding the June 28, 2022 sentencing date and requested that they provide statements detailing the impact of the defendant's offense on their organizations, including the financial impact. The notices were sent to the following victims: Santa Cruz County, City of Orlando, Rotary Club of Orlando, Orlando Tourism

Bureau, and Greater Orlando Airport Authority. As of late May 2022, Ms. Bernaola did not receive any responses. On May 24, 2022, Ms. Bernaola sent another notification to the victims and provided a deadline of June 10, 2022. Again, none of the victims responded.

3. I asked the FBI case agent on numerous occasions to reach out to his contact in Santa Cruz County to obtain a victim-impact statement and explain to her the need for a such statement in order for the Court to impose restitution. He informed me that he reached out to the Santa Cruz County employee several times, but never received a response.

4. On June 17, 2022, I emailed representatives from the City of Orlando, Rotary Club of Orlando, Orlando Tourism Bureau, and Greater Orlando Airport Authority to request victim-impact statements and explained that statements detailing their financial losses were necessary for the Court to order restitution. I asked for a response by June 21, 2022.

5. On June 20, 2022, a representative from the Orlando Tourism Bureau informed me that the Bureau would not be submitting a statement. On June 21, 2022, a representative from the Rotary Club of Orlando informed me that the Club would not be submitting a statement. On June 20, 2022, a representative from the City of Orlando informed me that the city would be providing a statement but needed additional time beyond the June 21, 2022 deadline. I requested the representative provide a statement as soon as possible and reminded her that the sentencing hearing was on June 28, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21 day of June 2022.

*Susan Knight*

_____
SUSAN KNIGHT
Assistant United States Attorney

DECLARATION OF AUSA KNIGHT
CR 11-00683 BLF/CR 12-00426 BLF/CR 22-00099 BLF